IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE BRICKLAYERS )
AND ALLIED CRAFTSMEN LOCAL 56 )
FRINGE BENEFIT FUND, )
 )
        Plaintiffs, )   FILED: APRIL 4, 2008
 )   Case No. 08CV1933    RCC
v. )   JUDGE ST.EVE
 )   Judge  MAGISTRATE JUDGE SCHENKIER
C.S. FLAHERTY CONTRACTORS, INC., )   Magistrate Judge
AN ILLINOIS CORPORATION, AND SEAN )
FLAHERTY, INDIVIDUALLY, )
 )
        Defendant. )

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, C.S. FLAHERTY CONTRACTORS, INC., an Illinois corporation, and SEAN FLAHERTY, INDIVIDUALLY, as follows:

### COUNT I

1.   (a)   Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S. C. Section 185(a) as amended.

    (b)   Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.   Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.   (a)   The Plaintiffs in this count are TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 PENSION, WELFARE, APPRENTICESHIP, AND INDUSTRY ADVANCEMENT FUND, ("the Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the **BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56** (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, **C.S. FLAHERTY CONTRACTORS, INC., an Illinois corporation, ("C.S. FLAHERTY")** is an Illinois corporation and is an employer engaged in an industry affecting commerce with its principal place of business located within this Court's jurisdiction.

    (b)    **C.S. FLAHERTY** is an employer engaged in an industry affecting commerce.

5.    Since on or about **September 14, 1998**, **C.S. FLAHERTY** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to make periodic contributions to the Bricklayers Local No. 56 Funds.

6.    **C.S. FLAHERTY** is required to make contributions to the Funds on behalf of its Glaziers employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

7.    Plaintiffs are advised and believe that for **January 1, 2007 to the present, C.S.**

**FLAHERTY** has failed to make some of the contributions, from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **C.S. FLAHERTY** be ordered to submit to an audit for **January 1, 2007 to the present.**

B. Judgment be entered on any amounts found to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **C.S. FLAHERTY** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1-7 Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

8. Defendant, **SEAN FLAHERTY ("FLAHERTY")** is, on information and belief owner and operator of Defendant, **C.S. FLAHERTY.**

9. **FLAHERTY** co-signed and guaranteed the Installment Note entered into by **C.S. FLAHERTY.** (Exhibit B)

10. The Note is in default since January 1, 2008. There is an unpaid balance of

$4,833.40 on the Bricklayers Local No. 56 Note.

11. Default on the Note accelerates the entire balance due.

12. **FLAHERTY** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **FLAHERTY** in the amount of **$4,833.40** for the Bricklayers Local No. 56.

Respectfully submitted,

TRUSTEES OF BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND,

By: _____
One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd., Suite 300
Chicago, Illinois 60604
(312) 236-0415

## MEMORANDUM OF UNDERSTANDING

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor  CS Flaherty Contractors   please indicate
Address  2N715 Morton                          X  Corporation
                                               __ Partnership
         West Chicago Il 60185                 __ Sole Owner
                                               __ Other Specify

Telephone ( 630 ) 876-2969                     FEIN# 36-4247101

(the "Employer") and ILLINOIS DISTRICT COUNCIL NO. 1 of the International Union of Bricklayers and Allied Craftsmen, consisting of Bricklayers Local Union Nos. 14, 20, 21, 27, 56, and 74, (the "District Council") as follows:

1. The Employer hereby recognizes the District Council as the sole and exclusive collective bargaining agent for all Bricklayers, Stone Masons and Apprentices employed by the Employer (the "Employees") for the purpose of establishing rates of pay, wages, fringe benefit contributions, hours of employment and other terms and conditions of employment for the Employees for work performed within the Counties of Cook, DeKalb, DuPage, Grundy, Kane, Kendall, McHenry, Lake and Will, Illinois.

2. Commencing June 1, 1990, the Employer agrees to be bound by the terms and conditions of employment covering the type of work and the locations where the work is performed as set forth in the agreement or agreements entered into between the District Council and one or more of the following Employer Associations ("Association Agreements"): Mason Contractors Association of Greater Chicago, Builders Association of Chicago, Mason Contractors Association of Fox Valley, Lake County Contractors Development Association, Lake County Mason Contractors Association, and South DuPage Mason Contractors Association.

3. If, as of the day following expiration of then existing Association Agreements ("Commencement Date"), there are locations and work for which an Association Agreement is not in effect, the terms and conditions, other than those relating to duration and termination, of the Association Agreement or Agreements covering such work and locations, and expiring immediately prior to the Commencement Date, shall establish the terms and conditions of employment for the Employees for a period of sixty days beginning with the Commencement Date, or until new Association Agreement or Agreements covering such locations and work are effective, whichever occurs first, following which the terms and conditions set forth in the new Association Agreement or Agreements, if any, shall be in full force and effect. Within 30 days of the execution of new Association Agreement or Agreements covering locations and work which were not covered by an Association Agreement as of the Commencement Date, the Employer shall make retroactive payments to all employees for all increased wages and benefits as provided in the new Association Agreement or Agreements, for work performed between the Commencement Date and the time that such new Association Agreement or Agreements are effective. The District Council, at its sole discretion, and at any time, may terminate this paragraph of this Memorandum of Understanding by giving the Employer written notice of such termination.

4. This Memorandum of Understanding shall remain in effect and shall be governed by Association Agreements entered into in the future and covering future time periods unless and until it has been terminated by either party giving written notice of termination to the other not less than 60 and not more than 90 days prior to the termination date of the applicable Association Agreement, in which event this Memorandum of Understanding shall terminate on the last day of the then applicable Association Agreement. In the event no such timely notice is given, this Memorandum of Understanding shall remain in effect until terminated in accordance with its terms.

5. The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreements and agrees to and is hereby bound by and considered to be a party to the agreements and declarations of trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the employer trustees, who shall, together with their successor trustees designated in the manner provided in said agreements and declarations of trust, and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

6. With respect to the amount of contributions payable under Association Agreements to the International Masonry Institute, Illinois Masonry Institute Promotion Trust, Fox Valley Construction Industry Advancement Program, Lake County Brick and Stone Masons Promotion Trust, Masonry Advancement Council of DuPage County, or the Masonry Industry Advancement Fund ("Industry Funds"), the District Council, at its sole discretion, shall have the right at any time, and from time to time, to allocate and reallocate all or any part of the amount of such contributions to or among wages, contributions to one or more such Industry Funds, or any combination thereof. Any such allocation or reallocation shall be effective 30 days after the District Council mails written notice thereof to the Employer. The parties agree that, inasmuch as the total amount of wages and fringe benefit contributions which the Employer is obligated to pay shall remain unchanged, any such allocation or reallocation between Industry Fund contributions and wages, or between or among Industry Funds, shall not be deemed to result in a more favorable wage or economic fringe benefit rate for purposes of "Most Favored Nation" provisions of this Memorandum of Understanding or Association Agreements.

7. Any agreement or memorandum of understanding previously executed by the parties is hereby superseded by this Memorandum of Understanding.

DATED this __14 Sep 98__ day of __September__ 1998

Name of Employer: __CS Flaherty Contractors Inc.__

Contract signed by: _____

Please spell name: __Sean Flaherty__

ILLINOIS DISTRICT COUNCIL NO. 1
of the INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED CRAFTSMEN

By: __Tayque C. Espela__
Union Representative

JOB LOCATION __West Chicago__

Received By: _____
5.30.90

## INSTALLMENT NOTE

$29,000.00                                                                                      April 27, 2006

For Value Received, the undersigned promises to pay to the order of_____
<u>**BRICKLAYERS LOCAL #56 PENSION and WELFARE FUNDS**</u>_____the principal sum of
<u>**TWENTY SEVEN THOUSAND SEVEN HUNDRED THIRTY SEVEN and 43/100 ($27,737.43) DOLLARS**</u>

Payable in installments as follows:

<u>**ONE THOUSAND TWO HUNDRED EIGHT AND 33/100 ($1,208.33)**</u>_____ Dollars
on the ___1ST___ day of _____MAY_____ 2006
<u>**ONE THOUSAND TWO HUNDRED EIGHT AND 33/100 ($1,208.33)**</u>_____ Dollars
on the ___1ST___ day of each month beginning on the ___1ST___ day of ___JUNE___ 2006
for _21_ month(s) succeeding, and a final payment of_____
<u>**ONE THOUSAND TWO HUNDRED EIGHT AND 33/100 ($1,208.33)**</u>_____ Dollars
on the _1st_ day **APRIL 2008** with interest on the balance of principal remaining from time to time unpaid at the rate of
_____10%_____ per cent per annum, payable on the due dates for installments of principal as aforesaid.

      All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of _18_ per cent per annum. Payments of both principal and interest shall be made at <u>**ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958**</u> or such other place as the legal holder hereof may from time to time in writing appoint.

      The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to_____
on personal property_____
_____
in the County of_____, Illinois. The undersigned's residence (chief place of business) is at_____
_____, Illinois.

      At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

      The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

      If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

      All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF AUDIT JANUARY 1, 2003 THROUGH JANUARY 31, 2006.

_/s/ Se Flht_                                                _/s/ Se Flht_
**SEAN FLAHERTY, INDIVIDUALLY**                **C.S. FLAHERTY CONTRACTORS, INC.**
                                                **1720 Brookwood Drive**
                                                **West Chicago, Illinois 60185**
                                                **630-293-8798 (phone)**
                                                **630-293-8799 (fax)**

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145.

CAUTION:    Consult a lawyer before using or acting under this form. *All warranties, including merchantability and fitness, are excluded.*

5082-62

EXHIBIT B